UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. DAVID GREEN,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | No. 16-2827 |
| UNITED STATES DEPARTMENT<br>OF HEALTH & HUMAN SERVICES<br>AND CENTERS FOR MEDICARE &<br>MEDICAID SERVICES,<br>    Defendants | SECTION "E"(2) |

### ORDER AND REASONS

Before the Court is a motion for temporary restraining order filed by the Plaintiff, Dr. David Green.[1] For the reasons that follow, the motion is **DENIED**.

On April 5, 2016, Dr. David Green ("Plaintiff") filed a verified complaint for injunctive relief against the United States Department of Health & Human Services and Centers for Medicare and Medicaid Services.[2] Also on April 5th Plaintiff filed into the record a motion for temporary restraining order, seeking to enjoin "the United States Department of Health & Human Services and the Centers for Medicare and Medicaid Services (hereinafter collectively, 'DHH-CMS'), and all those in active concert or participation with them, from revoking Dr. Green's CLIA certificate, as set forth in a letter from DHH-CMS, dated April 1, 2016."[3]

The Court held several status conferences with the parties in an effort to resolve the issues raised in Plaintiff's request for a temporary restraining order.[4] On April 13, 2016, Plaintiff sent a proposed temporary restraining order to the Court, as well as to all

---

[1] R. Doc. 2.
[2] R. Doc. 1.
[3] R. Doc. 2 at 1.
[4] *See* R. Docs. 10, 11, 12, 13.

1

counsel, via email.[5] The proposed temporary restraining order submitted by the Plaintiff seeks four specific actions:

(1) That DHH-CMS be restrained from "sanctioning Dr. Green related to the revocation of the Lonseth Laboratory's CLIA certificate";

(2) That DHH-CMS be restrained from "publishing any notice of said revocation and sanctions that mention Dr. Green's name";

(3) That DHH-CMS be restrained from "preventing Dr. Green from representing that he has not been sanctioned pursuant to 42 U.S.C. § 263a(i)(3)"; and

(4) That the temporary restraining order be retroactive to March 14, 2016.[6]

The Court, aware the Government objects to the Court's jurisdiction over this matter and otherwise objects to the entry of a temporary restraining order, ordered the Government to file a written opposition to Plaintiff's request no later than April 18, 2016.[7]

The Government timely filed its opposition, in the form of a motion to dismiss, on April 18th.[8] The Government's motion is based, in principle, on two grounds. First, the Government argues the Court lacks subject-matter jurisdiction over this action, as the Plaintiff has not identified a waiver of sovereign immunity allowing him to file suit against the federal government,[9] nor has Plaintiff exhausted his administrative remedies, a jurisdictional prerequisite to federal judicial review.[10] The Government further notes, even had the Plaintiff exhausted his administrative remedies, the proper forum for any grievance at that time, if a grievance remained, would be before the United States Court of Appeals for the Fifth Circuit, not a federal district court.[11]

---

[5] R. Doc. 16-7.
[6] R. Doc. 16-7.
[7] R. Doc. 13.
[8] R. Doc. 16.
[9] R. Doc. 16-1 at 10.
[10] R. Doc. 16-1 at 15.
[11] R. Doc. 16-1 at 16.

Second, the Government argues this matter lacks a justiciable case or controversy, and, as a result, the Plaintiff lacks the constitutional prerequisite of standing.[12] As the Government acknowledges, the "irreducible constitutional minimum of standing contains three elements:" (1) the plaintiff must have suffered an injury in fact; (2) there must be a causal connection between the injury and the complained of conduct; and (3) a likelihood that the alleged injury will be redressed by a favorable decision.[13] In this case, the Government argues, specifically, that the actions requested by the Plaintiff "went into effect by operation of law on the date Plaintiff filed his request for hearing with the ALJ."[14] According to the Government, "all four of Plaintiff's requests have been satisfied, [and] any need for this Court to issue a TRO . . . is moot."[15] The Government further notes that the April 12, 2016 letter which DHH-CMS sent to the Plaintiff, as well as the Court's April 7, 2016 Minute Entry, verified that each requested action had been satisfied:

> In the April 12, 2016 letter, Federal Defendants confirmed that they had "stayed the imposition of revocation" against Plaintiff until after the ALJ renders a decision, retroactive to March 14, 2016. Federal Defendants also confirmed that no notices would be published regarding Plaintiff. This Court's April 7, 2016 Minute Entry memorialized that Plaintiff could represent that he had not been sanctioned pursuant to 42 U.S.C. § 263a(i)(3) pending the ALJ's determination. Therefore, no later than April 12, 2016, Plaintiff had received all remedies he requests in his proposed TRO. This *status quo* will remain in place until the ALJ rules on Plaintiff's proceedings.[16]

It is axiomatic that, to obtain a temporary restraining order, the party seeking injunctive relief must show that a justiciable case or controversy exists.[17] Federal courts

---

[12] R. Doc. 16-1 at 20–21.
[13] R. Doc. 16-1 at 20–21 (quoting *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 318 (5th Cir. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992))).
[14] R. Doc. 16 at 21.
[15] R. Doc. 16 at 22.
[16] R. Doc. 16 at 22 (citations omitted).
[17] *See, e.g., Goosby v. Osser*, 409 U.S. 512, 515–16 (1973) (recognizing that Article III's case-or-controversy requirement applies in context of action seeking temporary restraining order and preliminary and permanent injunctive relief); *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 789 (S.D. Miss.

enjoy only limited jurisdiction, and under Article III of the Constitution, "[a] federal court is without power . . . to give advisory opinions which cannot affect the rights of the litigants in the case before it."[18] "[T]he party seeking relief must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."[19] In this case, each action requested by the Plaintiff in his proposed temporary restraining order already has been achieved. For those reasons, the Court finds that there exists no case or controversy in need of redressing by the Court at this time, and, as a result, **IT IS ORDERED** that the motion for temporary restraining order is **DENIED**.[20]

In the complaint for injunctive relief, in addition to a temporary restraining order, the Plaintiff asks the Court to issue a preliminary injunction "enjoining DHH-CMS and/or its agents from revoking Dr. Green's CLIA certificate, until such time as after a full hearing a permanent injunction be entered."[21] Plaintiff also seeks a permanent injunction enjoining DHH-CMS and/or its agents from "revoking Dr. Green's CLIA certificate, without due process of law as guaranteed by the Fifth Amendment to the United States Constitution."[22] Considering the Court's ruling on Plaintiff's request for a temporary restraining order, it is unclear whether Plaintiff believes he is entitled to, and is requesting, additional relief in the form of a preliminary or permanent injunction. Accordingly, **IT IS FURTHER ORDERED** that, no later than **Tuesday, April 26,**

---

2011) (denying motion for temporary restraining order for the lack of "a live case or controversy"); *see also Google, Inc. v. Hood*, 96 F. Supp. 3d 584, 594 (S.D. Miss. 2015), *vacated and remanded on other grounds*, No. 15-60205, 2016 WL 1397765 (5th Cir. Apr. 8, 2016).
[18] *St. Pierre v. United States*, 319 U.S. 41, 42 (1943).
[19] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).
[20] Because the Court finds that there is no justiciable case or controversy, the Court need not address the additional objections raised by the Government at this time.
[21] R. Doc. 1 at 19.
[22] R. Doc. 1 at 20.

4

**2016**, at **5:00 p.m.**, Plaintiff shall submit supplemental briefing addressing the following issues: (1) whether Plaintiff seeks a hearing on his request for a preliminary injunction and a trial on the merits on his request for a permanent injunction; (2) if so, what relief is requested in connection with such proceedings; and (3) whether the Court has subject-matter jurisdiction over Plaintiff's claims.

    **New Orleans, Louisiana, this 19th day of April, 2016.**

                                 *Susie Morgan*
                              **SUSIE MORGAN**
               **UNITED STATES DISTRICT JUDGE**